IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES ANTHONY DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-140 |
| | ) | (Formerly CR 110-041) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Estill, South Carolina, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Respondent moves to dismiss the § 2255 motion. Because Petitioner did not, despite receiving additional time, (doc. nos. 9, 10), respond to the dispositive motion, it is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

   **A.   Indictment and Agreement to Plead Guilty**

On February 3, 2010, the grand jury in the Southern District of Georgia charged Petitioner with three counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§

922(g)(1), 924(a)(2), and 924(e); (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D); and, (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  United States v. Davis, CR 110-041, doc. no. 1 (S.D. Ga. Feb. 3, 2010) (hereinafter "CR 110-041").  The Court appointed Edward J. Coleman to represent Petitioner.  Id., doc. no. 22.

On November 10, 2010, Petitioner appeared with counsel and pled guilty to Count One of the indictment:  felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e).  Id., doc. nos. 41-43.  In exchange for the guilty plea, the government agreed to:  (1) dismiss the remaining two counts in the indictment; (2) not oppose a two-point acceptance of responsibility reduction and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b); (3) recommend a sentence of 180 months imprisonment; and (4) advise the Court at sentencing of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by Petitioner, and to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35.  Id., doc. no. 43, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including his previous convictions of numerous felonies including:  (1) burglary, committed June 5, 1986, convicted July 31, 1986; (2) violation of Georgia's Controlled Substances Act, possession with intent to distribute cocaine, committed on June 5, 1990, convicted January 28, 1991; (3) possession of a firearm by a convicted felon, committed September 23, 1991, convicted January 6, 1992; (4) violation of Georgia Controlled Substances Act, committed September 23, 1991, convicted January 6, 1992; (5) possession of a firearm by a convicted felon,

committed December 20, 1995, convicted November 7, 1997; and (6) violation of Georgia Controlled Substances Act, possession of cocaine, committed March 22, 1999, convicted October 29, 1999. Id. at 5-6. As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id. at 4-5.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, Petitioner qualified for an enhanced penalty under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because of three prior convictions for: (1) a 1986 conviction for burglary of a residence; (2) a 1991 conviction for possession and intent to distribute cocaine; and (3) a 1992 conviction for the sale of cocaine. PSI ¶¶ 23, 27, 28, 30. The PSI determined Petitioner was an armed career criminal within the meaning of U.S.S.G. § 4B1.4, and set his mandatory minimum term of imprisonment at 180 months (fifteen years). PSI ¶¶ 23, 38, 72; 18 U.S.C. § 924(e). Based on Petitioner's total offense level of thirty-one, and a criminal history category of VI, Petitioner's Guideline imprisonment range was set between 188 and 235 months. PSI ¶ 73. Petitioner did not file any objections to the PSI. See PSI Add; CR110-041, doc. no. 55, p. 4.

At sentencing on February 17, 2011, United States District Judge J. Randal Hall adopted the statements in the PSI as the Court's findings of fact. Id. Pursuant to the plea agreement, the government recommended a 180 month sentence. Id. at 13. Judge Hall ultimately sentenced Petitioner to the mandatory minimum sentence of 180 months

imprisonment, five years supervised release, a $1000.00 fine, and a $100.00 special assessment. Id., doc. no. 51. Judgment was entered on February 22, 2011. Id.

### C. First § 2255 Motion

Consistent with the appellate waiver provision in Petitioner's plea agreement, Petitioner did not file a direct appeal. Id., doc. no. 43, pp. 4-5. However, on December 5, 2011, Petitioner filed his first § 2255 motion raising two grounds for relief. In Ground One, Petitioner alleged counsel was ineffective for: (1) failing to request a competence evaluation before Petitioner entered his guilty plea, (2) failing to investigate the "legal authentication of the alleged priors used to support the fact[] finding required," and, (3) failing to object to the "illegal enhancements" to Petitioner's sentence under § 924(e). Id., doc. no. 52. In Ground Two, Petitioner asserted the sentencing court failed to ensure the authentication of the convictions used to enhance his sentence as required by Shepard v. United States, 544 U.S. 13 (2005), and that two of his convictions did not qualify for enhancement under § 924(e). Id. Respondent moved to dismiss, contending Petitioner's claims were barred by the collateral attack waiver and meritless. Id., doc. no. 61, pp. 9-17.

This Court granted Respondent's motion to dismiss, finding all of Petitioner's Ground Two claims, and Ground One claims concerning counsel's representation at sentencing, barred by the collateral attack waiver. Id., doc. nos. 64, 69, 70. In finding Petitioner's remaining claims meritless, this Court determined Petitioner's burglary conviction was for "generic burglary," and was properly considered an ACCA predicate offense. Id., doc. no. 64, p. 18. This Court cited information from the PSI that Petitioner's burglary conviction was for "enter[ing] the home of [victim] . . . with intent to commit a theft." Id.; PSI ¶ 27.

4

Petitioner did not appeal.

### D. Second § 2255 Motion

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551, 2563 (2015). In Johnson, the Supreme Court found the "residual clause" of the ACCA to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016). The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

On, June 27, 2016, Petitioner filed an application pursuant to 28 U.S.C. §§ 2255(h), and 2244(b)(3)(A) with the Eleventh Circuit Court of Appeals, seeking an order authorizing this Court to consider a second or successive § 2255 motion. In re Charles Davis, No.16-14323 (11th Cir. June 27, 2016). The Eleventh Circuit granted Petitioner's application, determining Petitioner had made a *prima facie* showing that his claim implicated Johnson.

In granting Petitioner's application, the Eleventh Circuit specifically noted that: (1) the sentencing court did not state whether it counted Petitioner's burglary conviction as an ACCA predicate under the enumerated offenses or elements clause, and (2) the Supreme Court's decision in Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016) "supports the conclusion that the Georgia burglary statute is not divisible." CR 110-041, doc. no. 74, pp. 6-7. The Eleventh Circuit cautioned, however, it made a limited determination to allow the filing of a second motion, and because no merits had been conclusively resolved by simply allowing the motion to be filed, this Court did not owe deference to the *prima facie* finding. Id.

Petitioner filed his second § 2255 motion on September 30, 2016, arguing his prior Georgia burglary conviction no longer qualifies as an ACCA predicate offense in light of Johnson, Mathis, and Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013). (Doc. no. 5, pp. 15-19.) Petitioner argues his burglary conviction cannot qualify as "generic" burglary under the enumerated offenses clause because Georgia's burglary statute is both non-generic and indivisible.[1] (Id. at 17.) Petitioner contends that because his burglary conviction cannot qualify under the enumerated offenses clause, it can only qualify under the now invalidated residual clause. (Id.) Respondent argues: (1) Petitioner has not met the requirements under 28 U.S.C. § 2255(h) for a successive § 2255 motion, requiring dismissal, and (2) even under Descamps and Mathis, Petitioner's prior burglary conviction continues to constitute an ACCA predicate offense under the enumerated offenses clause. (See generally doc.

---

[1] Recall that under Descamps, a conviction under a "nongeneric, indivisible criminal statute" categorically cannot qualify as an ACCA predicate offense. 133 S. Ct. at 2285-86.

no. 7.)

## II. DISCUSSION

### A. Petitioner Has Met the Requirements for a Second or Successive Motion Under § 2255 (h)(2).

Petitioner is entitled to one 28 U.S.C. § 2255 motion, and must receive permission from the Eleventh Circuit to file a "second or successive" motion. 28 U.S.C. § 2255(h). The Eleventh Circuit will authorize a second or successive § 2255 motion if Petitioner can make a *prima facie* showing that there is:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Id. However, even if the Eleventh Circuit authorizes a second or successive motion, this Court is required to determine whether Petitioner has met the requirements of § 2255(h) *de novo*. Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357 (11th Cir. 2007); see also In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) ("[T]he district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, *de novo*.") (internal quotations omitted); In re Bradford, 830 F.3d 1273, 1276 (11th Cir. 2016) ("[I]n the context of applications to file successive § 2255 motions, we have adopted Jordan, 485 F.3d at 1358.").

Respondent argues that, while Johnson is a new rule of constitutional law made retroactive to cases on collateral review, Petitioner does not raise a Johnson claim. (See doc. no. 7, pp. 15-18.) Instead, Respondent contends Petitioner only argues that under Mathis and

7

Descamps, his Georgia burglary conviction does not qualify as "generic burglary" and an ACCA predicate under the enumerated offenses clause. (See id.)

Respondent would be correct if Petitioner's sole challenge was to the designation of his burglary conviction as a predicate under the enumerated offenses clause. Descamps does not avail Petitioner because it is not retroactive for purposes of a second or successive § 2255 motion, and is not a "new rule of constitutional law for § 2255(h)(2) purposes, and thus [] cannot serve as a basis . . . for authorizing a second or successive § 2255 motion." In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016). Indeed, the Eleventh Circuit has ruled that Johnson cannot serve as a "portal to assert a Descamps claim, such as a claim that Descamps precludes using the modified categorical approach on a [] statute unless the statute is divisible . . . ." Id. Similarly, Mathis did not announce a new rule of constitutional law made retroactive by the Supreme Court, and is not retroactive for the purposes of a second or successive § 2255 motion. Perez v. United States, No. 16-22379-CIV, 2016 WL 6996150, at *3 (S.D. Fla. Nov. 28, 2016) ("Descamps and Mathis are not retroactive for the purposes of a second or successive § 2255 petition, because they are not new rules of constitutional law made retroactive by the Supreme Court.") (citing Hires, 825 F.3d at 1303); Leone v. United States, 203 F. Supp. 3d 1167 (S.D. Fla. 2016), as supplemented on denial of reconsideration, No. 16-22200-CIV, 2017 WL 442749 at *8 (S.D. Fla. Feb. 2, 2017) ("AEDPA compels the conclusion that Descamps and Mathis are not retroactive for the purposes of a second or successive 2255 because they are not new rules of constitutional law made retroactive by the Supreme Court.").

However, Respondent's characterization of Petitioner's argument is not entirely accurate. Petitioner claims Johnson invalidates his ACCA enhancement because his burglary conviction

8

only qualifies as a predicate offense under the residual clause. In its counterargument, Respondent invokes Descamps and Mathis by contending the burglary conviction qualifies as generic burglary under the enumerated offenses clause. If Petitioner is correct, Johnson applies, and Petitioner qualifies for review of his second or successive motion because Johnson is a new rule of constitutional law made retroactive on collateral review by the Supreme Court. For this reason, the Court finds Petitioner is entitled to a second motion under § 2255(h)(2). However as explained below, Petitioner's burglary conviction is a proper ACCA predicate offense under the enumerated offenses clause.

### B. Petitioner's 1986 Burglary Conviction Continues to Qualify as an ACCA Predicate Offense Under the Enumerated Offenses Clause.

Although Johnson invalidated the residual clause of 18 U.S.C. § 924(e), it did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. 135 S. Ct. at 2563. Thus, an ACCA enhancement may still be validly applied based on an offense falling under the enumerated offenses clause of the ACCA, not the residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives").

Petitioner's 1986 burglary offense, which Petitioner admitted as part of his plea agreement and to which Petitioner did not object when identified as one of his ACCA-qualifying offenses in the PSI, falls under the enumerated offenses clause, and he therefore qualifies as an armed career criminal, even after Johnson. Despite Petitioner's claims to the contrary, the Eleventh Circuit has affirmed use of the modified categorical approach to convictions under

9

Georgia's burglary statute. United States v. Gundy, 842 F.3d 1156, 1168 (11th Cir. 2016). Georgia has a divisible burglary statute, and because Petitioner's burglary involved a residence, it qualifies as "generic burglary" under the ACCA. However to reach this conclusion, it is helpful to review the analysis required under Mathis and Descamps for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses, courts apply the elements of these "generic" crimes as commonly understood. Id.; Gundy, 842 F.3d at 1161.

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis, 136 S. Ct. at 2248.

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S.

10

Ct. at 2281-82. A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct at 2249. "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction." Gundy, 842 F.3d at 1162. In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282. In addition to these so-called Shepard documents,[2] the Eleventh Circuit has also allowed courts to use "undisputed facts contained in a PSI." United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted). Courts "then compare the elements of that identified crime to the elements of the relevant generic offense." Gundy, 842 F.3d at 1162.

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).

---

[2] Shepard v. United States, 544 U.S. 13, 26 (2005).

In Gundy, the Eleventh Circuit examined this version of the Georgia burglary statue after the ruling in Mathis, applying the Supreme Court's instructions on how to interpret and apply the enumerated offenses provision of the ACCA when a statute has "disjunctive phrasing" that raises the issue as to whether the statute aligns precisely with the generic offense as intended by Congress.  Gundy, 842 F.3d at 1162 (citing Mathis, 136 S. Ct. at 2249, 2253).  As has been explained in this District:

> When faced with such a state statute, the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense.  Gundy, 842 F.3d at 1162.  An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense.  Id.  A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime.  Id.

Clemons v. United States, CR 408-225 / CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

Applying Mathis, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes."  Gundy, 842 F.3d at 1167.  "That the Georgia prosecutor must select and identify the locational element of the place burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft - is the hallmark of a divisible statute."  Id.  Therefore, as described above, the Court may use the modified categorical approach to determine whether Petitioner's prior

burglary conviction matches the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA.  See id. at 1168.

Here, examination of the Shepard documents from Petitioner's prior burglary conviction, attached as Exhibit B to Respondent's response, (doc. no. 7-2, p. 8), as well as examination of the uncontested facts in the PSI, (¶ 27), show Petitioner was convicted of unlawfully entering the "residence and dwelling of Ralph Crosby, Jr., located at 1796 Santa Cruz Drive" with the "intent to commit theft."  As Petitioner's prior Georgia burglary conviction "substantially conform[s] to the generic definition of burglary," it qualifies as a violent felony under the enumerated offenses clause of the ACCA.  Gundy, 842 F.3d at 1168-69.  Therefore, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.  Under these circumstances, the motion to dismiss should be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 7), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of March, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA